**UNITED STATES of America ex rel. Fred E. RAGAN**

v.

**COURT OF COMMON PLEAS, COUNTY OF PHILADELPHIA.**

Misc. No. 3129.

United States District Court
E. D. Pennsylvania.

Dec. 6, 1965.

Fred E. Ragan, in pro. per.

BODY, District Judge.

On November 4, 1965 petitioner filed a "Petition for Writ of Mandamus" in which he requests this Court to issue an order compelling the Court of Common Pleas of Philadelphia County to act upon his state petition for a writ of habeas corpus. He alleges that the Common Pleas Court issued an order to show cause upon the District Attorney of Philadelphia County on September 16, 1965 and that said order was returnable on October 6, 1965. Petitioner claims that no notification was given him concerning the disposition of this order. Therefore, because of the state court's failure to process his writ, he seeks relief in this Court under a provision in the Habeas Corpus Act of May 25, 1951, P.L. 415, 12 P.S. § 1904, providing that such orders should be returned immediately.

Since petitioner, in effect, alleges a deprivation of his constitutional rights in that his pending habeas corpus application is being delayed without cause, we will treat his present petition as a petition for a writ of habeas corpus.

The records of the Clerk of the Court of Quarter Sessions of Philadelphia County reveal that the state court hearing was continued until further notice and we must assume for some legitimate reason.

Since the doctrine of comity between the courts requires that the state court be given an opportunity to rule on petitioner's contentions before a federal court intervenes, the instant petition will be dismissed. United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir. 1964).

The doctrine of exhaustion of state remedies embodied in 28 U.S.C. § 2254 also requires us to dismiss this petition. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).